Matt Duskin
SID 12681657
Oregon State Penitentiary
2605 State Street
Salem, OR 97310

FILED'11 JAN 25 10:53 USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

**MATTHEW DUSKIN,**
   Petitioner,

v.

**JEFF PREMO, Superintendent, OSP,**
   Respondent.

Case No. CV '11 - - 105 - SU

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

## CONVICTION UNDER ATTACK

1. Name and location of court which entered the judgment of conviction under attack:
   Washington County Circuit Court

2. Criminal Case number: C050317CR

3. Date of judgment of conviction: June 29, 2005

4. Length of sentence: 75 months

5. Nature of offenses involved: Indicted on one count each of First Degree Rape (Verdict = Not Guilty), First Degree Unlawful Sexual Penetration (Verdict = Not Guilty), First Degree Sexual Abuse (Verdict = Guilty), First Degree Burglary (Verdict = Not Guilty), and Strangulation (Verdict = Hung Jury).

6. What was your plea?

   __X__ Not Guilty            _____ Guilty

   _____ Nolo Contendere       _____ Insanity plea

7. If you pleaded not guilty, what kind of trial did you have?

   __X__ Jury                  _____ Judge Only

PETITION FOR WRIT FO HABEAS CORPUS
Pursuant to 28 U.S.C. § 2254
USDC--Oregon

8. Did you testify at trial?

    _____ Yes             \_\_X\_\_ No

## EXHAUSTION OF STATE REMEDIES

### DIRECT APPEAL

9. Did you directly appeal from the judgment of conviction?

    Yes, but voluntarily dismissed appeal before any briefing on the merits due to a lack of meritorious issues. Due to the dismissal of this appeal, I did not appeal further to the Oregon Supreme Court.

10. If you did appeal, answer the following:

    a.  Name of court: Oregon Court of Appeals
    b.  Case number: A129937
    c.  Result: Motion to dismiss granted
    d.  Date of result: June 9, 2006

### POST-CONVICTION RELIEF

11. Did you file a petition for state post-conviction relief?

    \_\_X\_\_ Yes             _____ No

    a.  Name of court:  Marion County Circuit Court
    b.  Case number: 06C16606
    c.  Nature of proceeding: Post-conviction relief
    d.  Did you receive an evidentiary hearing?

        \_\_X\_\_ Yes             _____ No

    e.  Result: Denied relief
    f.  Date of result: July 22, 2008
    g.  Grounds raised:  See Grounds for Relief

12. Did you appeal the result of your state post-conviction or state habeas corpus proceeding?

    \_\_X\_\_ Yes             _____ No

    a.  Name of court:  Oregon Court of Appeals
    b.  Case number : A140553
    c.  Result: Affirmed Without Opinion
    d.  Date of result: August 18, 2010
    e.  Grounds raised: See Grounds for Relief

13. Did you seek further review of the decision on appeal by a higher state court?

    \_\_X\_\_Yes             _____ No

    a.    Name of court: Oregon Supreme Court
    b.    Case number: S058874
    c.    Result: Review denied
    d.    Date of result: December 23, 2010
    e.    Grounds raised: See below

## GROUNDS FOR RELIEF

Petitioner's right to the effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution as interpreted in *Strickland v. Washington*, 466 US 668 (1984) (and *United States v Cronic*, 466 US 648 (1984) as otherwise noted) were violated as set forth below:

1. Defense counsel failed to request an instruction on count three of petitioner's indictment (Sexual Abuse in the First Degree) requiring the jury to find that any sexual contact occur by means of forcible compulsion. The instruction permitted the jury to convict petitioner for touching the complainant's breast and later engaging in acts of forcible compulsion. There is a reasonable likelihood that some or all of the jurors actually convicted petitioner on this false theory because they tendered a question requesting clarification on the timing of these separate elements which the trial court refused to specifically answer. *Estelle v. McGuire*, 502 US 62 (1991); *Boyde v California*, 494 US 370 (1990).
2. Defense counsel failed to ensure that the jury was instructed on the definition of sexual contact, defined at ORS 163.305(6). That definition is an essential element of Sexual Abuse in the First Degree as alleged in count 3 of petitioner's indictment. The trial court failed to provide this instruction to the jury and counsel neglected to take proper exception to this oversight allowing the jury to convict petitioner without requiring the state to prove his guilt of the charged offense. *In re Winship*, 397 US 358 (1970).
3. Defense counsel failed to object and ensure a record of proceedings when the trial court failed to address on the record and/or ensure recordation of jury questions and the answers thereto during deliberations. This prejudiced petitioner's defense, subsequent appeals and his right to trial counsel. *United States v. Cronic*, 466 US 648 (1984); *Waller v Georgia*, 467 US 39 (1984); *Globe Newspaper Co. v Superior Court*, 457 US 596 (1982).
4. Defense counsel failed to advise petitioner that the jury had presented questions to the court during the deliberative process and ensure that he was present and able to participate in the proceedings during which the court conferred with counsel and addressed those questions with further instruction. This prejudiced petitioner's defense and subsequent appeals. *Kentucky v. Stincer*, 482 US 730 (1987); *Florida v Nixon*, 543 US 175 (2004).
5. Defense counsel failed to offer evidence of the complainant's perjured testimony from an unrelated custody battle and then use it to cross-examine her with. Complainant had a particularized motive to falsely accuse petitioner of sexual assault to avoid the discovery by her husband of her consensual sexual activity with petitioner. Complainant lied under oath in an affidavit during her custody proceedings for the purpose of preventing her husband from discovering her sexual activity with other men. As such this evidence would have been admissible in petitioner's case in order to fulfill his right to a fair trial, to present a complete defense, to confrontation, and to due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Given that the entire defense case was to portray complainant as untruthful and motivated to falsely accuse petitioner of these crimes, the absence of this evidence prejudiced petitioner's defense. *Olden v Kentucky*, 488 US 227 (1988); *Crane v Kentucky*, 476 US 683 (1986); *Chambers v Mississippi*, 410 US 284 (1973); *Michigan v. Lucas*,

500 US 145 (1991); *Delaware v. Van Arsdall*, 475 US 673 (1986); *Davis v Alaska*, 415 US 308 (1974).

6. Defense counsel failed to interview Robert Jim Purdy Jr. and call him as a defense witness at trial. Purdy would have presented testimony to the jury in order to prove that the sexual contact at issue was consensual and to impeach the complainant's testimony. Counsel's failure violated petitioner's confrontation rights under the Sixth and Fourteenth Amendments to the United States Constitution.
7. Defense counsel failed to present the testimony of Jason Roth on behalf of petitioner at trial. Roth would have testified that petitioner and the complainant were kissing one another "back and forth" while at the complainant's house shortly prior to the alleged sexual assault, directly impeaching the complainant's testimony that she never kissed petitioner and had no romantic interest in him. Counsel's failure violated petitioner's confrontation rights under the Sixth and Fourteenth Amendments to the United States Constitution.
8. The criminal trial court violated petitioner's rights to due process and the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and his confrontation rights under the Sixth Amendment to the United States Constitution when it addressed and answered questions posed by the jury during deliberations without notifying petitioner of those questions and permitting him to be present at the time they were addressed by the court and counsel. *Powell v. Alabama*, 287 US 45 (1932); *United States v Cronic*, 466 US 648 (1984); *Kentucky v Stincer*, 482 US 730 (1987); *Boyde v California*, 494 US 370 (1990); *Bollenbach v United States*, 326 US 607 (1946).
9. The post-conviction trial court violated petitioner's rights to equal protection and due process under the Fourteenth Amendment when it refused to unseal the envelope containing the jury's questions and then explaining the reasoning behind its denial. *Evitts v Lucey*, 469 US 387 (1985); *Hicks v Oklahoma*, 447 US 343 (1980); 28 U.S.C. § 2254 (e)(2)(A)(ii).
10. The Oregon Court of Appeals violated petitioner's rights to equal protection and due process under the Fourteenth Amendment when it refused to unseal the envelope containing the jury's questions and reverse the trial court's decision. *Evitts v Lucey*, 469 US 387 (1985); 28 U.S.C. § 2254 (e)(2)(A)(ii).
11. The post-conviction trial court violated petitioner's rights to due process under the Fourteenth Amendment when it failed to rule on petitioner's claim for relief which alleged that the cumulative effect of the criminal trial court's and defense counsel's multiple errors rendered the resulting criminal trial fundamentally unfair in violation of due process under the Sixth and Fourteenth Amendments to the United States Constitution and rendered petitioner's defense far less persuasive than it might otherwise have been.
12. Petitioner incorporates all prior claims for relief and further alleges as follows: The cumulative effect of the criminal trial court's and defense counsel's multiple errors rendered the resulting criminal trial fundamentally unfair in violation of due process under the Sixth and Fourteenth Amendments to the United States Constitution and rendered petitioner's defense far less persuasive than it might otherwise have been. *Chambers v Mississippi*, 410 US 284 (1973).

## OTHER INFORMATION

14. Please answer these additional questions about the petition you are filing:

    a. Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

    __X__ Yes                                              _____ No

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

    _____ Yes          _X_ No

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    a.  At preliminary hearing: Jean Martwick
    b.  At arraignment: Jean Martwick
    c.  At trial: Jean Martwick
    d.  At sentencing: Jean Martwick
    e.  On direct appeal before petitioner's voluntary dismissal: Louis Miles
    f.  In post-conviction proceeding: Noel Grefenson
    g.  On appeal from adverse ruling in post-conviction proceeding: Petitioner pro se

17. Is this the first *federal* petition for writ of habeas corpus challenging this conviction?

    _X_ Yes          _____ No

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    _____ Yes          _X_ No

19. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 USC § 2244(d) does not bar your petition:

    AEDPA imposes a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). However, the one-year statute of limitations is tolled during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 USC §2244(d); *Artuz v. Bennett*, 531 US 4, 8, 212 S.Ct. 361 (2000). An application for collateral review is pending during the time in which a state prisoner is "attempting, through proper use of state court procedures, to exhaust state remedies." *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999). All appellate and post-conviction relief filings in this case have been proper and timely, triggering the tolling of statutory limitations. Therefore this application is timely.

20. Date you are mailing (or handing to correctional officer for mailing) this petition to the court:

    
    24th day of January, 2011.

**WHEREFORE,** petitioner prays that the court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to 28 USC § 2254 by a person in a state custody.

_____
Signature of Petitioner

## DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1/24/11
Date

_____
Signature of Petitioner